## DODGE v. REYNOLDS.

1. EVIDENCE—SALE—HARMLESS ERROR.

In an action to recover damages for a failure to deliver fruit baskets as contracted, evidence by defendants that plaintiff had loaned them money, which they had secured by an assignment of certain accounts, if inadmissible, was not prejudicial.

2. SAME—HEARSAY—EXPLANATION OF TESTIMONY.

Where, in such action, plaintiff showed that defendants had published a notice that they had no agent in their employ soliciting for them or managing their business, it was permissible for defendants to show, for the purpose of explaining why the notice was published, that they had learned that plaintiff claimed to be their general agent and business manager.

3. CONTRACTS—BREACH—SALE OF GOODS ON COMMISSION.

A contract whereby plaintiff was to sell goods for defendants on commission was violated by his selling them at a less price than that agreed upon, justifying a refusal by defendants to furnish him further goods, where it was understood that defendants would continue to sell in the same locality, and plaintiff, by such underselling, induced their customers to buy of him.

4. TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES.

A charge that "You are to believe as jurors what you would believe as men, and there is no rule of law that requires you to believe as jurors what you would not believe as men," was not error, where it followed a statement properly instructing them how they should weigh the testimony of the witnesses.

5. CONTRACTS—CONSTRUCTION—SALE.

Where defendants agreed to furnish plaintiff with fruit baskets for sale by him, but not all he could sell, and, after baskets had been furnished him for a part of the season, it developed that defendants could not manufacture more than they themselves could sell at retail, which plaintiff had understood they were to continue to do, they were under no obligation to supply him further with baskets.

Error to Van Buren; Carr, J. Submitted October 23, 1903. (Docket No. 185.) Decided March 8, 1904.

*Assumpsit* by Thomas F. Dodge against Sylvester G. Reynolds and Anson R. McRill, copartners as Reynolds & McRill, for the breach of a contract to supply goods. From a judgment for defendants, plaintiff brings error. Affirmed:

*William J. Barnard* and *William G. Howard*, for appellant.

*Lincoln H. Titus*, for appellees.

Moore, C. J. The plaintiff, a resident of Lawton, had been engaged for some years in selling fruit packages. It is his claim that defendants agreed to supply him with fruit packages for the season of 1901; that, after supplying him for part of the season, they refused to do so for the balance of the season. He brought this suit to recover the damages. The case was tried before a jury, which rendered a verdict in favor of defendants. The case is brought here by writ of error.

The following is the plaintiff's version of the contract:

"I reside in Lawton, and for upwards of 10 years have been engaged in selling fruit packages, and have a warehouse there for that purpose. I make it a business. I had a conversation during the spring or fore part of the summer of 1901 with Mr. McRill, who came to me to know if I would sell baskets for them. I think he was coming from his factory, and met me near the Michigan Central depot there one day, which I think was about the middle of May, and he says to me, 'Why cannot you sell our baskets this year just as well as to bring baskets in here, and we will give you the same commission?' I told him that that was perfectly satisfactory to me, and I would do so. That constituted our trade, just in a few words, but it covered the whole ground. He said he would give me the same commission I was getting, which was always 10 per cent., and pursuant to that conversation I went on and sold baskets for them."

His orders were filled by defendants for a time, settlements were made, and plaintiff was allowed his commissions in full for the orders that were filled. Later in the

season defendants declined to furnish him with crates. The defendants claim they performed all the agreement they ever made with the plaintiff.

It is the claim of plaintiff that the court erred in relation to the admission of evidence, and also as to portions of his charge. The defendants insist there was no error in either of these respects, and that, conceding there was, no harm was done, as plaintiff, upon his own showing, was not entitled to recover, because the contract lacked mutuality. The judge was of the opinion that, if the jury found plaintiff's version to be true, he was entitled to recover, and submitted that feature of the case to them. A considerable portion of both briefs is devoted to a discussion of the last question, but, with our view of the case, it is not necessary to decide it.

Mr. Reynolds was examined as a witness on the part of defendants. After he had been cross-examined, he was allowed to testify that in August the plaintiff had loaned his firm $500, to secure which it had assigned to him certain accounts. It is difficult to see upon what theory this testimony was admitted, and, upon the other hand, we do not see how any harm came of it.

Complaint is made because the court allowed Mr. McRill to answer the following question:

"Did it come to the attention of the firm that Mr. Dodge claimed to be your general agent and business manager?"

In making his case, the plaintiff caused to be put in evidence a notice published on the 30th of August in the local paper, reading as follows:

"FRUIT GROWERS, TAKE NOTICE!

"Fruit growers will please take notice that we have no agent in our employ soliciting for us or managing our business. If you wish to buy home-made packages, call at the factory.

"REYNOLDS & McRILL."

We think it was competent to permit an answer to the question as tending to show why the notice was published.

Complaint is made of that portion of the charge reading as follows:

"If you find from the evidence that the plaintiff, Dodge, sold baskets at a less price than that agreed upon by the parties, and thereby induced customers of the defendants to purchase of him, this would be a violation of the contract between the parties, and would justify the defendants in dismissing Dodge."

Prior to making the arrangement between the parties, defendants had retailed their own goods, and it was expected they would continue to do so. The retail price for baskets was $19 a thousand. It was the claim of defendants that Mrs. Eaton had been a customer of theirs, but was induced to buy 10,000 baskets of the plaintiff because he sold them to her for $18.50 a thousand. Plaintiff at first claimed he got from her the full $19 a thousand, but, when confronted with the receipt, said the 50 cents per thousand was allowed to her for drayage. In view of this situation, we do not think the charge was error.

Complaint is made of the following:

"You are to believe as jurors what you would believe as men, and there is no rule of law that requires you to believe as jurors what you would not believe as men."

We think this portion of the charge should be read with the following, which immediately preceded it:

"You are to take into account, in weighing the testimony of any witness, his interest or want of interest in the result of the case, his appearance upon the witness stand, his manner of testifying, his apparent candor or want of candor, whether he is supported or contradicted by the facts and circumstances in the case as shown by the evidence. You have a right to believe all the testimony of a witness, or believe it in part and disbelieve it in part, or you may reject it altogether, as you may find the evidence to be."

When so read, we think it was not misleading, and was a proper charge.

Complaint is also made of the following:

"It is not claimed in this case that plaintiff, Dodge, was made the sole or exclusive agent of defendants for the sale of these baskets, and defendants, therefore, had a right to sell their own baskets to whomsoever they could, and, if they could not manufacture more than they themselves could sell, then they were under no obligations to supply Dodge with baskets, unless the contract, bargain, or agreement was that they were to supply him all the baskets he could sell."

It has already been stated that defendants had been in the habit of retailing their goods, and plaintiff knew this fact, and expected they would continue to do so. In view of this situation, we think the charge was proper.

The other assignments of error have been examined, but we do not deem it necessary to discuss them.

Judgment is affirmed.

The other Justices concurred.